

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MRM/APW
F. #2021R00870

*610 Federal Plaza*
*Central Islip, New York 11722*

July 16, 2024

By ECF and Email

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
1030 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Marquis Douglas
                Criminal Docket No. 22-246 (JS)

Dear Judge Seybert:

      The government respectfully submits this letter in advance of the above-captioned defendant's sentencing, which is currently scheduled for July 23, 2024. For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 300 months' (25 years') imprisonment.[1]

I.      Factual Background

      On November 2, 2023, the defendant Marquis Douglas ("Douglas" or the "defendant") pled guilty before the Court to Counts One and Three of the above-captioned Indictment, pursuant to a plea agreement with the government. United States Probation Department Presentence Investigation Report, prepared April 19, 2024, ("PSR") at ¶ 1. Count One charged Douglas with conspiring with others to distribute and possess with the intent to distribute more than five kilograms of cocaine, one kilogram of heroin, more than 280 grams of crack cocaine, more than 40 grams of fentanyl and a quantity of fentanyl analogue (fluorofentanyl), in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), 841(b)(1)(B) and 841(b)(1)(C). PSR at ¶ 2. Count Three charged Douglas with the distribution of cocaine and fluorofentanyl on or about August 12, 2021, the use of which resulted in death, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). PSR at ¶ 3. In his plea agreement with the government, pursuant to Fed. R. Crim. P. 11(c)(1)(B), the parties agreed to recommend that the defendant be sentenced to a term of imprisonment of 300 months (25 years). PSR at ¶ 4.

---

[1]      The government respectfully requests that the Court impose a term of 300 months' imprisonment on each count of conviction, to run concurrently to each other.

The investigation that led to Douglas' arrest and conviction in this case began, at a local level, on August 13, 2021, when four men on the East End of Long Island were found dead after using cocaine that had been laced with a fentanyl analogue. PSR at ¶ 5. Following the ensuing investigation by the Southold Police Department, Shelter Island Police Department and the Suffolk County District Attorney's Office into the street level dealer who had sold the men the tainted drugs, members of the Federal Bureau of Investigation ("FBI") began investigating the source of the narcotics, above the street level of distribution. That investigation ultimately led authorities to Marquis Douglas, the supplier of the fluorofentanyl laced cocaine. PSR at ¶ 6.

During the course of this investigation, law enforcement learned that Douglas was operating a years' long drug distribution operation, distributing cocaine, heroin, fentanyl, crack cocaine and fentanyl analogues throughout Long Island. PSR at ¶¶ 6-7, 16-18. The investigation revealed that the defendant was working to distribute drugs at least as far back as 2015. Id. The volume of Douglas' narcotics trafficking uncovered by the investigation was staggering, as he distributed multiple kilograms of cocaine over the years, as well as kilogram level weights of heroin and large quantities of fentanyl. Id. Highlighting the scale of his drug dealing, at the time of his arrest in Suffolk County in May of 2022, Douglas was found in possession of 105 grams of fentanyl and 135 grams of cocaine. PSR at ¶ 6.

The defendant, an experienced drug dealer with five prior state and/or federal drug felony convictions (PSR at ¶¶ 64, 65, 67, 70 and 72), was running a sophisticated drug operation that: included multiple lower level participants (PSR at ¶¶ 6, 17); would hire attorneys for underlings when they were arrested (PSR at ¶¶ 17, 28); and hired at least one private investigator to conduct counter surveillance against law enforcement (Id.). The impact of Douglas' narcotics operation was tragic and deadly. Indeed, at the time of his plea, Douglas acknowledge that his drug distribution activities led to the deaths of four men on East End of Long Island: Matthew LaPiana, Swainson Brown, Seyed Ahmadzadeh, and Seth Tramontana. See Transcript of Plea, dated November 2, 2023, at 16; PSR at ¶ 5.

II.     Guidelines Calculation

On April 19, 2024, the United States Probation Department (the "Probation Department" or "Probation") issued the PSR in this case. The government agrees that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range as set forth therein was properly calculated by the Probation Department. While the PSR contains enhancements that were not anticipated in the estimate contained within Douglas' plea agreement with the government, the effective Guidelines range in the PSR is the same at the range estimated in the plea agreement: life.[2] PSR at ¶ 140.

---

[2]     The government anticipates that Douglas may to the application of §2D1.1(a) for the base offense level of his crime. If the Court determines that defendant's prior federal narcotics trafficking conviction does not trigger §2D1.1(a)(1), the parties agreed, in the plea agreement at footnote 4, that §2D1.1(a)(2) is the appropriate Guideline provision which results in a base offense level of 38, for each count, and a resulting total offense level, for both counts, of 42. In

III. Analysis

    A. <u>The Nature and Circumstances of the Offense – 18 U.S.C. § 3553(a)(1)</u>

        The nature and circumstances of Douglas' crimes call for severe punishment and a substantial term of imprisonment. Here, Douglas was involved in the large-scale distribution of narcotics, including cocaine, heroin, crack cocaine, and deadly fentanyl and fentanyl analogues. But the defendant's instant criminal conduct does not end there. The impact of his drug dealing is far more substantial than most drug cases. Here, the drugs distributed by the defendant in one single instance contributed to the deaths of four people. This case involves the stark, sad reality of drug dealing. Drug dealing harms people and takes lives, it endangers communities. Taking the scope and impact of the defendant's narcotics trafficking into account, the government submits that a sentence of 300 months' imprisonment on each count, to run concurrently to each other, is appropriate to account for the nature and circumstances of the offenses in this case.

    B. <u>The History and Characteristics of the Defendant – 18 U.S.C. § 3553(a)(1)</u>

        The history and characteristics of the defendant, like the nature and circumstances of the offense, call for a severe sentence to be imposed. The defendant's criminal history demonstrates that he is an individual who chooses to break the law over and over and over again. The defendant has prior convictions that involve theft, burglary and constant felony level narcotics conduct. Time and again, the defendant has elected to break the law and harm individuals and society. This case is no different. It is just another in a long series of crimes committed by the defendant in which he puts his interests above those of society and disregards the safety of others. The defendant has multiple prior convictions for felony level narcotics related conduct (<u>PSR</u> at ¶¶ 64, 65, 67, 70 and 72) and appears to be undeterrable from future criminal conduct. The defendant's criminal history highlights the inescapable fact that the defendant is a career criminal, who has proven time and again that he will not seriously try to rehabilitate himself and will continue to commit crime when released.

        When evaluating the breadth of the defendant's criminal history and his penchant for dangerous drug dealing, a sentence of 300 months' imprisonment is warranted.

    C. <u>Seriousness of the Offense – 18 U.S.C. § 3553(a)(2)(A)</u>

        The seriousness of the offense in this case is self-evident. The narcotics trafficking of the defendant and his coconspirators directly contributed to the deaths of four men. All of the defendant's criminal conduct in this case damaged communities around Long Island. The defendant participated in a large-scale narcotics distribution conspiracy, distributing multiple types of deadly opiates. The seriousness of the defendant's criminal offenses calls for a

---

that case, accounting for the acceptance of responsibility, the total adjusted offense level would be 39, ultimately resulting in a Guidelines range of 360 months' – life imprisonment.

3

substantial sentence. 300 months' imprisonment will appropriately reflect the seriousness of a single instance of drug distribution that ended four lives.

  D.  <u>Promote Respect for the Law – 18 U.S.C. § 3553(a)(2)(A)</u>

  The need to promote respect for the law, like the other 3553(a) factors discussed above, weighs heavily in favor of a sentence of 300 months' imprisonment. Those, like the defendant, who disregard the drug laws and contribute to the deaths of members of the community highlight the need for stringent drug laws. Indeed, a message needs to be sent to drug dealers that when you distribute your illicit products, you are responsible for the damage that product does. In the current day and age, every drug dealer is on notice that they are dealing fentanyl. They aren't chemists, they aren't scientists, they are distributing drugs, and the impact of those drugs, regardless of their knowledge of their specific contents, falls squarely on their shoulders.

  E.  <u>Just Punishment – 18 U.S.C. § 3553(a)(2)(B)</u>

  Here, just punishment requires a severe sanction be imposed upon the defendant. The defendant's operation of a large-scale drug distribution operation that contributed to the loss of four lives requires substantial punishment. Beyond that, the impact of the defendant's crimes calls for a severe prison sentence. That impact is highlighted by the statements of the victims' family members. PSR at ¶¶ 10-15. As those statements make clear, the defendant's conduct impacted lives well beyond the lives of the victims. His actions contributed to families losses of sons, cousins, brothers, nephews and friends. The impact of Douglas' crimes is overwhelming and clearly supports the imposition of a 300-month prison sentence.

  F.  <u>Deterrence – 18 U.S.C. § 3553(a)(2)(B)</u>

  Here, despite the defendant's history of recidivism, specific deterrence of future crime by the defendant is likely to be achieved by a 300-month prison term, as the defendant is 39 years' old. However, to achieve general deterrence, the Court must send a clear and unequivocal statement that large scale drug distribution and the distribution of deadly, illicit drugs that results in the loss of life will be dealt with harshly and punished with the substantial criminal sanctions that Congress has made available for these senseless crimes which blight communities and endanger the health and safety of law-abiding citizens.

  G.  <u>Protect the Public from Future Crimes of Defendant – 18 U.S.C. § 3553(a)(2)(C)</u>

  As set forth above, the defendant has continued to commit drug trafficking crimes throughout his adult life. Therefore, only an extensive term of imprisonment will ensure the protection of the community from the defendant's criminal activities. A sentence of twenty-five years' imprisonment will ensure that the defendant will not soon be returned to the streets of long Island and his criminal activities.

4

H. <u>The Kinds of Sentences Available – 18 U.S.C. § 3553(a)(3)</u>

The kinds of sentences available to the Court to impose upon the defendant also indicate that a substantial prison term is warranted. Count One carries a mandatory minimum of 10 years' imprisonment and a statutory maximum of life imprisonment. A sentence of 300 months' imprisonment is clearly one that Congress deemed appropriate for such criminal conduct. Similarly, a sentence of life is also available for Count Three, which carries a twenty-year minimum term. Again, taking the scope and impact of the defendant's narcotics trafficking into account, in the context of the types of sentences available, a sentence of 300 months' imprisonment is both available and appropriate.

I. <u>The Guidelines – 18 U.S.C. § 3553(a)(4)(A)</u>

As set forth above, in Section II, Guidelines range of imprisonment is life. Clearly the Guidelines support the imposition of a sentence of 300 months'.

J. <u>The Need to Avoid Unwarranted Disparities – 18 U.S.C. § 3553(a)(6)</u>

In this case, based upon the defendant's involvement in a large-scale narcotics trafficking operation, his extensive criminal history of drug trafficking felonies, and contributing to the deaths of four men, there is nothing that makes that the defendant distinguishable from other defendants who have received sentences of 300 months' imprisonment in narcotics cases.

IV. <u>Conclusion</u>

For the reasons set forth above, the government respectfully submits that a sentence of 300 months' imprisonment is warranted in this case.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/
    Michael R. Maffei
    Andrew P. Wenzel
    Assistant U.S. Attorneys
    Dana Gremaux
    Special Assistant United States Attorney
    (631) 715-7900

cc: Richard Langone, Esq. (counsel to defendant) (via ECF and Email)
    U.S.P.O. Steven S. Guttman (by Email)
    Clerk of the Court (JS) (via ECF)